ADAM VANGUNDY

v.

JENNIE BERKENMEYER.

MISTAKE IN LEVY—DAMAGES.—Where appellant, who was seeking to collect a just debt, by mistake levied upon two trunks belonging to his debtor's wife, and there was no evidence which would warrant the jury in finding malice, oppression or wantonness in the conduct of appellant, and the evidence showed the actual damage to the debtor's wife to be $19.50, and the jury brought in a verdict for $170, *held*, that the damages were excessive. This was no case for punitive damages.

ERROR to the Circuit Court of Scott county; the Hon. C. EPLER, Judge, presiding. Opinion filed February 25, 1886.

George Berkenmeyer had been running the Pacific House at Bluffs, Scott county, Illinois, as the tenant of Adam Vangundy. He gave up possession of the hotel, and stored his

goods taken from the hotel with one Arundel, a justice of the peace. Two trunks were taken to another hotel called the Commercial House. Adam Vangundy began an attachment suit for rent due him for the Pacific House, against George Berkenmeyer, before Justice Arundel, on March 6th, and Miley, the town constable, levied said attachment on the goods stored at Arundel's and on the two trunks. The goods were not removed from where they had been stored, but the constable simply indorsed the levy. The two trunks were taken by the officer from the Commercial House, and placed in the office or sleeping room of his livery stable.

Jennie Berkenmeyer, the wife of George Berkenmeyer, claimed the goods as her property, and on Sunday, March 9th, the two trunks were given up to her, and on March 12th the other goods were released from the levy because claimed by her, and the attachment was dismissed.

Jennie Berkenmeyer then began this suit for wrongful levy on her personal property. The evidence shows actual damages of $19.50, not objected to on the part of plaintiff in error. No other damage was shown. The jury gave a verdict for $170.

Mr. Wm. H. Barnes and Mr. Chas. A. Barnes, for plaintiff in error.

Mr. James A. Warren and Messrs. Brown & Kirby, for defendant in error.

Conger, J. We feel compelled to reverse this judgment on the ground that the damages found by the jury are excessive. After a careful consideration of the evidence, we are unable to find anything which would warrant the jury in finding malice, oppression or wantonness in the conduct of appellant. There were some trifling things of Berkenmeyer's in the box mingled with those of appellee upon which a levy could be rightfully made.

He was seeking to collect a just debt, and for a mistake in seizing property that did not belong to his debtor, under

the circumstances shown by the evidence, he should not be held liable for punitive damages. The just demands of appellee, we think, are fully met when she recovers all actual damage she sustained by the levy; but to permit a jury to go beyond that, and punish appellant with about one hundred and fifty dollars smart money, is to make the law an instrument of revenge instead of a dispenser of justice.

Although no objection was made to the evidence of defendant in error in reference to amounts paid out for attorney's fee and railroad fare, we are inclined to think those amounts not proper subjects for the assessment of damages, in a case where punitive or vindictive damages are not proper. We have commented at length upon this subject in the case of Jones v. The People, for use, etc., decided at the present term.

The judgment will be reversed and the cause remanded.

Reversed and remanded.